NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM THOMAS, PETITIONER, v. ROBERT NEWBAUER, JR., RESPONDENT.

For the petitioner, *James Mercer Davis.*

For the respondent, *Willard F. Lippincott.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

In August of 1928, the petitioner entered into a contract with the respondent to pick tomatoes, and petitioner worked for the respondent during the tomato season which lasted until sometime in October. After the tomato season was over, the petitioner remained with the respondent until sometime in November, for the purpose of husking corn and picking up potatoes.

Sometime during the month of November, the petitioner finished all work which he had been engaged to do by the respondent. The petitioner, however, remained on the farm of the respondent after his employment had ceased, living in a shanty which the respondent had allowed him to occupy free of charge, and the petitioner was still living on the farm of the respondent at the time of the happening of the accident on December 27th, 1928.

On that day, at the request of Locustwood Cemetery Company, the respondent asked the petitioner to take the team of Robert Newbauer, Sr., to the Locustwood Cemetery Company to haul some dirt, the arrangement being that Robert Newbauer, Sr., who was a director of said cemetery company, should loan his team for the purpose, and the company should furnish a driver. Accordingly respondent, at the request of the company, secured petitioner to drive said team, for which petitioner was to receive the sum of one dollar for half a day's work. The petitioner took the team and hauled the dirt, and when he returned with the team to the respondent's farm, the respondent was starting to saw wood with his cross-cut saw.

It appears from the testimony that the respondent had told the petitioner that he could have for his own use the loose wood and rails which were lying around the farm, and the petitioner had on several occasions complained about the wood being hard to cut, and had asked the respondent if he would at sometime cut the wood for the petitioner. On the day the accident happened the respondent had an opportunity to cut the wood, and had started on the work of cutting petitioner's wood at the time the petitioner returned to the respondent's farm with the team.

The petitioner had not made a full half day in the work for the cemetery company, and respondent, in order that the petitioner should work the full half day requested him to go into the fields with the team and bring up a load of corn stalks for respondent, which the petitioner did, and after this was done, the respondent suggested that the petitioner assist him in cutting petitioner's wood. The petitioner

in attempting to move a piece of wood from in front of the saw allowed his hand to come in contact with the saw and four fingers were severed.

I find from the testimony in the case that it is doubtful if the respondent was actually the employer of the petitioner at the time the injury occurred; but it would appear that the respondent was acting as the agent of the Locustwood Cemetery Company and employed the petitioner for services to be rendered to the said cemetery company at a definite price of one dollar for half a day's work, and the money was actually paid by the cemetery company.

It further appears that at the time the accident occurred, the petitioner was not doing anything either for the cemetery company or for the respondent. He was actually engaged in work for himself in that he was assisting the respondent to cut wood which the respondent had given to the petitioner, and which work was being done by the respondent for the benefit of, and as a favor to the petitioner, and in view of these facts I have determined that the petitioner was not in the employ of the respondent at the time the accident occurred, and that the Workmen's Compensation law in this state is not applicable to this case.

In the case of *Karas* v. *Burns Brothers,* 94 *N. J. L.* 59; 110 *Atl. Rep.* 567, it was held that "the conspicuous principle at the basis of the entire relationship is that liability of the master ceases when the agent is acting not in the master's occupation, but in line of conduct peculiar to himself and suggested not by any benefit or accommodation to the master or to the master's interests. In such a situation, the agent becomes the principal and is liable for the natural consequences of his independent acts." This principle was followed by the Court of Errors and Appeals in the case of *Conklin* v. *Brighton Mills,* 144 *Atl. Rep.* 815; 7 *N. J. Adv. R.* 434.

\*　　\*　　\*　　\*　　\*　　\*　　\*

W. E. STUBBS,
*Deputy Commissioner.*